# Lewis v. Hatcher-Powers Shoe Company.

(Decided February 14, 1930.)

JOHN M. THEOBALD for appellant.

JOHN W. WOODS and WOODS, STEWART, NICKELL & SMOOT for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The Hatcher-Powers Shoe Company, appellee here, instituted this suit on the 28th day of September, 1922, in the Carter circuit court, in which it sought to recover from appellant, J. F. Lewis, the sum of $1,500, with interest thereon alleged to be due on account of subscription to the capital stock of the plaintiff. Answer was filed, in which numerous defenses were interposed:

(1) That there was no corporation legally organized.

(2) That appellant at no time subscribed to the capital stock by signing or authorizing any one to sign the contract sued on.

(3) That it was not created or organized as the result of any such subscription.

(4) That no payment was demanded on the 23d day of April, 1920, or at any other time.

(5) That $100,000 of the capital stock had not been in good faith subscribed.

(6) That no assessment was made against him on any such contract or subscription.

A separate paragraph pleading fraud and alleging it was falsely represented that Jeff Newberry and Chilt Holbrook were stockholders and that James Hatcher had 249 shares. The trial court properly sustained a demurrer to this separate paragraph. Hatcher-Powers Shoe Co. v. Bickford et al., 212 Ky. 163, 278 S. W. 615. Appellant tendered an amended answer and cross-petition against the promoters. The court properly sustained demurrer and motion to strike. The court sustained the appellee's motion to transfer to equity. The case was delayed on account of the papers having been misplaced, but were found by the clerk on the 23rd day of October, 1928. Appellant tendered a second amended answer, which the trial court properly refused to order filed. This second amended answer undertook to set up as a defense the manner in which plaintiff amended its articles of incorporation; the cancellation of subscription; the lack of legal organization. Another amendment, however, was permitted to be filed in which appellant alleges that he substantially authorized his signature to the paper in question based upon fraudulent representations alleged subsequent to July 1, 1920. The issues as finally made up went to trial before Hon. J. B. Adamson, special judge, who decided that the appellant was liable and entered a judgment for the sum of $1,500, with interest, from the 14th day of April, 1921, such being the date of the first demand. As to contention (1) that there was no corporation legally organized, and (5) that $100,000 of the capital stock had not been in good faith subscribed, we are of the opinion that the sufficiency of the incorporation, organization, and other steps necessary as set out in the petition were before this court and settled in the case of Hatcher-Powers Shoe Co. v. Bickford et al., 212 Ky. 163, 278 S. W. 615. Also see Hatcher-Powers Shoe Co. v. Hitchens, 232 Ky. 87, 22 S. W. (2d) 444.

As to the second contention that appellant at no time subscribed to the capital stock by signing or authorizing any one to sign the contract sued on, we have the positive testimony of Mr. H. W. Hatcher, and also the positive testimony of Mr. O. P. Powers, that appellant did sign this subscription contract. This is also supported by the positive testimony of Mr. John W. Wood, who drew the subscription contract, prepared the articles of incorporation, and was present when the directors and officers were elected. His testimony was positive that he (Mr. Wood) has signed this paper prior to the organization of the corporation, and that the name of Mr. J. F. Lewis, appellant here, appeared on the list as having been signed before the signature of Mr. Wood. Also the positive testimony of Mr. J. F. Stewart that he was present at the first meeting of the stockholders held at Mr. Wood's office; that Mr. Wood was one of the stockholders; and that Mr. Lewis' name appeared on the list ahead of Mr. Wood. While, on the other hand, the testimony of appellant denies that he signed this list, but, taken as a whole, this is a rather feeble denial, because he states that he does not remember of signing any paper. However, in his amended answer he says: "He further alleges that he did authorize the signature to the said paper sued on here subsequent to the first of July, 1920." This record shows conclusively that after the name of appellant on the first page of the subscription contract we find the name of Dewitt Steele, Rosena Casner, and Clayton S. Hitchens. This court held Hitchens liable on this subscription contract in which many defenses were asserted similar to the case at bar. In Hatcher-Powers Shoe Co. v. Hitchens, 232 Ky. 87, 22 S. W. (2d) 444, 446, this court says: "Moreover, the date of signing the contract, whether before or after the filing of the articles of incorporation and the organization of the company, was immaterial. The subsequent acceptance of the subscription by the corporation, and its engagement in the business for which it was created completed the contract, and rendered it irrevocable." From a careful examination of the record we are of opinion that this defense fails.

As to his third contention that the corporation was not created or organized as the result of any such subscription, this record shows that all of the subscribers entered into this subscription contract for the purpose

of organizing this corporation; they were to put their money into one common cause. In our opinion this contention is likewise fully settled adversely to appellant's claim in the Bickford case and the Hitchens case, supra.

As to his fourth contention that no payment was demanded on the 23d day of April, 1920, or at any other time, this record shows that appellant's name was on the subscription list, and the testimony shows that all of the subscribers were notified by the secretary. Appellant's answer to that is that he does not remember getting any letters except one, to which he replied on May 6, 1921. In this letter, addressed to Hatcher-Powers Shoe Company, appellant says: "That your request for payment of stock is refused for several reasons I have before stated that you just as well discontinue your request." We are convinced from this record that appellant's subscription was accepted by the corporation, and that payment was demanded.

As to his sixth contention, that no assessment was made against him on any such contract or subscription is equally unavailing. All of these subscribers to the capital stock were to put their money into one common cause. The venture was unsuccessful. The appellant is liable for the full amount subscribed. When the corporation has collected from the unwilling solvent subscribers and all debts are paid, the residue of its funds, if any, may by proper procedure be distributed among all of the stockholders.

It is earnestly insisted by appellant that the court erred to his prejudice in transferring this case to the equity side of the docket. In the case of Riffe & Jones v. McKinney Deposit Bank, 171 Ky. 757, 188 S. W. 775, 777, this court says: "Moreover, with the evidence of the convincing character that we have found it to be, we are confident that the jury could have come to no other conclusion than that reached by the chancellor, and therefore . . . were not prejudiced by the action of the court in overruling their motions." After a careful examination of the entire record in this case, we are fully convinced that the action of the trial court in transferring this action to equity, if error at all, which we are not deciding, was not prejudicial to the substantial rights of appellant under the authority above quoted. We are further of the opinion that the trial court did not err, to the prejudice of the substantial rights of appellant.

The judgment is affirmed.