**Clarence K. KIRK, Appellant,**

v.

**KIRK'S AUTO ELECTRIC, INC., Billy H. Bone, Raymond Miller, André Bone, Joe T. Bone, Appellees.**

Supreme Court of Kentucky.

April 30, 1987.

C. Thomas Poole, Bowling Green, for appellant.

G.D. Milliken, Jr., Bowling Green, for appellees.

REVERSING

LAMBERT, Justice.

The issue before this Court is whether shares of common stock issued by a corporation in exchange for unsecured promissory notes are void or voidable. The Court of Appeals held that such shares were merely voidable and that appellant's participation in the issuance of such shares precluded his claim. We disagree and reverse.

In 1970, Kirk's Auto Electric, Inc. issued 11 shares of its common stock to appellee, Billy H. Bone. In 1977, the corporation issued 10 shares to appellee, André Bone, and 5 shares to appellee, Joe T. Bone. In exchange for the issuance of these shares, appellees, Bones, executed and delivered to the corporation unsecured interest-bearing promissory notes payable on demand. At the time these shares were issued, appellee, Billy H. Bone, was a director and president of the corporation, and appellant, Kirk, was a director and secretary. Appellee, Billy H. Bone, and appellant, Kirk, each signed the stock certificates on behalf of the corporation. It is undisputed that only the promissory notes were given in payment for the shares and that no payment was made upon the notes prior to commencement of litigation. After litigation was commenced, some small irregular payments were made.

Section 193 of the Constitution of Kentucky states:

No corporation shall issue stock or bonds, except for an equivalent in money paid or labor done, or property actually received and applied to the purposes for which such corporation was created, and neither labor nor property shall be received in payment of stock or bonds at a greater value than the market price at the time such labor was done or property delivered, and all fictitious increase of stock or indebtedness shall be void.

At the time of issuance of the 11 shares to Billy H. Bone, KRS 271.185 was in effect and is as follows:

271.185. Payment for shares.—(1) A certificate of stock shall not be issued until the shares represented thereby have been fully paid for.

(2) Shares allotted as stock dividends, or issued in lieu of accrued dividends, and shares for which the agreed consideration has been paid, delivered or rendered to the corporation shall be fully paid shares and nonassessable.

(3) When a corporation has received a note or uncertified check as part or full consideration for shares, the shares shall not be considered as fully paid for until the note or check has been paid.

This statute was repealed in 1972, but is fully applicable to the stock issued to Billy H. Bone. See KRS 271A.680. In 1972 (effective July 1, 1972), the General Assembly adopted the "Kentucky Business Corporations Act" and KRS 271A.095 of the Act is as follows:

271A.095. Payment for shares.—(1) The consideration for the issuance of shares by a corporation may be paid only by an equivalent in money paid or labor done, or property actually received and applied to the purposes for which such corporation was created, and neither labor nor property shall be received in payment of consideration for the issuance of shares at a greater value than the market price at the time such labor was done or property delivered. When payment of the consideration for which shares are to be issued shall have been received by the corporation, such shares shall be deemed to be fully paid and nonassessable.

(2) In the absence of fraud in the transaction, the judgment of the board of directors or the shareholders, as the case may be, as to the market price of the consideration received for shares shall be conclusive unless the person questioning the market price shall by a clear preponderance of the evidence establish a different market price.

This statute applies to stock issued to appellees, André Bone and Joe T. Bone.

■ The constitutional and statutory provisions quoted herein evince a strong

policy in this Commonwealth toward protecting corporations, shareholders and corporate creditors from the dissipation of corporate assets. The issuance of shares must be attended by good faith and the corporation must receive value not disproportionate to the value of the shares issued. *Goff v. Henry Goff & Co.'s Assignee*, 257 Ky. 519, 78 S.W.2d 758 (1935), *People's State Bank v. Jacksonian Hotel Co.*, 261 Ky. 166, 87 S.W.2d 111 (1935), and *Mazer, et al. v. Hazard Realty Corporation, et al.*, 283 Ky. 283, 140 S.W.2d 1033 (1940). See also *Clarke v. Lexington Stoveworks*, 24 Ky. Law Rptr. 1755, 72 S.W. 286 (1903), which held that a promissory note secured by a life insurance policy with a cash surrender value exceeding the amount of the indebtedness was sufficient payment for the subscription of common stock under Section 193 of the Constitution of Kentucky.

The promissory notes received by Kirk's Auto Electric, Inc. were unsecured and were payable only upon demand. The only persons eligible to demand payment from the makers of the notes were the members of the board of directors, appellant, Kirk, and appellee, Billy H. Bone, the same persons who authorized issuance of the shares and acceptance of the unsecured notes. Appellee, Billy H. Bone, was himself maker of one of the notes. Therefore, appropriate vigilance would be less than assured. This transaction well illustrates the need for strict enforcement of the constitutional and statutory requirements.

Our holding in this case may appear to be too restrictive and represent an interference with the power of a corporation to conduct its business affairs. In ordinary commercial transactions, unsecured promissory notes are essential and undoubtedly constitute valuable consideration. Nevertheless, "[t]he (constitutional and statutory) provisions are impressed with a public interest and their primary purpose is to prevent fraud and to protect creditors or purchasers of stock or securities of corporations." *Mazer, et al. v. Hazard Realty Corporation, et al., supra,* 140 S.W.2d at 1037. If the public interest is to be protected, strict adherence to the law must be required.

We believe Section 193 of the Constitution of Kentucky is plain and unambiguous. Stock issued by a corporation must be "for an equivalent in money paid or labor done, or property actually received." Otherwise, stock issued by a corporation is a "fictitious increase" which is void.

Our holding renders it unnecessary to address appellant's other assignments of error. The judgment of the Court of Appeals is reversed and this cause is remanded to the Warren Circuit Court for further proceedings not inconsistent with the opinion.

STEPHENS, C.J., and GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

There was no fraud or overreaching on the part of the appellees causing the stock issuance, and in these circumstances it is a miscarriage of justice to allow Kirk a loophole to escape his deal.

I would adopt Judge Wilhoit's Court of Appeals Opinion to the effect that the stock issued to the Bones' was voidable, but Kirk has *no standing* to have the stock declared void because he actively participated in causing it to be issued.